# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHIGEO NAKAGOSHI,**

        **Plaintiff,**

**-vs-**                                **Case No. 6:05-cv-1175-Orl-28DAB**

**MITSUKOSHI USA, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY FEES/COSTS (28 U.S.C. § 1447) (Doc. No. 24)**
>
> **FILED:**      **December 28, 2005**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff sued Defendant for age discrimination under the Florida Civil Rights Act[1] in state court and Defendant removed the case on August 15, 2005. *See* Doc. No. 1. Plaintiff moved to remand the case on September 8, 2005. Doc. No. 10. Defendant filed a memorandum in support of the removal on September 2, 2005, alleging that the amount in controversy exceeded the $75,000

---

[1] Defendant alleged in the Notice of Removal that Plaintiff was suing under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621. Doc. No. 1 ¶ 5. However, Plaintiff's Complaint (Doc. No. 2) alleged only a violation of the Florida Civil Rights Act for age discrimination. Doc. No. 2 ¶ 60. Thus, there was no basis for federal question jurisdiction at the time of removal.

minimum required for diversity jurisdiction in federal court (28 U.S.C. § 1332) because, according to Defendant, Plaintiff's annual salary was $74,620 and his employment was terminated in July 2002. Doc. No. 9. Judge Antoon found Defendant's allegations to be insufficient and remanded the case to state court. Doc. No. 23.

Plaintiff filed a Motion for Attorney's Fees on December 28, 2005, seeking fees for the remand motion. Doc. No. 24. Before the Motion became ripe, the Court ordered Plaintiff to file a supplemental memorandum addressing the impact of a new case, *Martin v. Franklin Capital Corp.*, __ U.S. __, 126 S.Ct. 704 (December 7, 2005), on the Motion for fees. Doc. No. 26. In *Martin,* the Supreme Court held that absent unusual circumstances, courts may award attorney fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal. 126 S.Ct. at 711. When an objectively reasonable basis exists, fees should be denied. *Id.*; *see CSX Transp. v. St. Paul Surplus Lines Ins. Co.*, __ F. Supp. 2d __, 2006 WL 166523, *2 (Jan. 23, 2006) (because remand was a "close call," fees not warranted).

Defendant contends that it had a reasonable basis for believing the amount in controversy sufficient for diversity jurisdiction, $75,000, to be satisfied. Defendant points to another Middle District of Florida case in which the amount in controversy or damages sought in front pay and back pay was extrapolated from a plaintiff's annual salary, citing *Brown v. Cunnignham Lindsey U.S., Inc.*, 2005 WL 1126670, *4 (M.D. Fla. May 11, 2005).

Although Judge Antoon did not find Defendant's extrapolation from Plaintiff's annual salary and suppositions about potential front and back pay damages to be sufficient evidence that Plaintiff

actually sought more than $75,000 in damages, it was an objectively reasonable basis for removal and an award of fees should be denied.[2]

It is respectfully **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees incurred in pursuing a remand of the case be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 14, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] In addition to the entitlement issue, Plaintiff's fee claim itself appears inflated. Plaintiff seeks reimbursement for "18.9 hours on this case expended starting with its receipt of the Notice of Removal through the date of the remand," which covers time spent on *all* matters in federal court in this case thus far, even though (as best the Court can discern) only two hours of attorney time was spent on matters relating directly to the remand. Doc. No. 24 at 8-9.